UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
WILLIAM L. HARGRAVE,          )
                              )
       Plaintiff,             )
                              )
       v.                     )    Civil Action No. 09-353 (RWR)
                              )
DISTRICT OF COLUMBIA et al.,  )
                              )
       Defendants.            )
_____)
```

### MEMORANDUM OPINION

    The defendants removed this case from the Superior Court of the District of Columbia on February 20, 2009.  The notice of removal fails to recite the date on which the defendants received the complaint, but the proofs of service the defendants attached to their notice show service of the complaint upon two defendants on January 7, 2009 and the third defendant on January 16, 2009.  Because the notice did not appear to have been filed within the required thirty-day period after the receipt of the complaint, the defendants were ordered to show cause why the case should not be remanded to Superior Court.

    One defendant, Officer Vieth, responded to the Order to show cause to explain this apparent defect in the removal procedure. The other two defendants did not.  Vieth asked that the case not be remanded to Superior Court and moved under Fed. R. Civ. P. 6(b) for an enlargement of the time required to file the notice of removal.  Rule 6(b) permits a court for good cause to extend a

- 2 -

deadline after its expiration if the party's tardiness was due to excusable neglect. Vieth claims that he did not timely remove the case because he concluded that when the Superior Court judge ordered that a hearing would be held in the case on February 27, 2009 if the removal was not completed by that date, he had until February 27, 2009 to file a notice of removal.

The language of the removal statute, 28 U.S.C. § 1446, is unambiguous and reads in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). A mistake in construing plain language of law does not establish excusable neglect or good cause for failure to timely act. See Parker v. Bagley, 543 F.3d 859, 862 n.1 (6th Cir. 2008); Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 11-12, 14 (D.D.C. 2003). Nor was Vieth's conclusion either "neglect" or "excusable." Federal courts rigorously enforce the thirty-day filing requirement, and where a defendant acknowledges that he failed to file his notice of removal within the 30-day period, remand is proper. See Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1046 (2d Cir. 1991); FHC Options v. Security Life Ins. Co. of America, 993 F. Supp. 378, 380 (E.D. Va. 1998) (stating that even thought the "overwhelming authority from other

- 3 -

circuits" held that the thirty-day time limit is not jurisdictional, "failure to comply with the [time] limit is grounds for immediately remanding a removed case to state court"); <u>Yazdani v. ACCESS ATM</u>, 457 F. Supp. 2d 36, 37 (D.D.C. 2006) (stating that because "the parties [did] not dispute the fact that defendant's removal notice to the District Court was untimely," remand was proper and the only issue left to determine was "whether or not the reimbursement of plaintiff's attorneys' fees and costs [was] warranted").  Because the notice of removal was filed more than thirty days beyond the service of the complaint upon the defendants, and because defendants do not show good cause for their failure to timely remove this action, this action will be remanded to the Superior Court of the District of Columbia.  An appropriate order accompanies this memorandum opinion.

    SIGNED this 13th day of March, 2009.

                                                 /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge